(53 South. 970.)

No. 17,972.

HOUMA LIGHTING & ICE MFG. CO., Limited, et al. v. TOWN OF HOUMA et al.

(Jan. 3, 1911.)

*(Syllabus by the Court.)*

1. MUNICIPAL CORPORATIONS (§ 272*)—POWER TO ESTABLISH ELECTRIC LIGHT PLANT—CONSTRUCTION OF STATUTES.

The town of Houma has adopted Act No. 136 of 1898, which provides that a municipality which avails itself of the provisions of the act shall have the authority to purchase property, real and personal, for all municipal purposes, and especially includes electric lights. The municipality therefore has the right to provide for lights, and to that end may erect and maintain a lighting plant and system.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 727; Dec. Dig. § 272.*]

2. MUNICIPAL CORPORATIONS (§ 897*)—POWER TO ESTABLISH ELECTRIC LIGHT PLANT—CONSTRUCTION OF STATUTES.

Act No. 136 of 1898 is a general law providing for the organization of municipalities throughout the state, and is repealed in so far as it conflicts with the provision of Act No. 17 of 1902 and of Act No. 32 of 1902. Under Act No. 17 of 1902 a municipality may erect and maintain a lighting system and may pay for these lights out of the revenues from licenses levied by it; and under Act No. 32 of 1902 it has the power to apply the excess of revenues over current expenses of subsequent years to the maintenance of this lighting system. This power carries with it the correlative power of issuing certificates, as evidence of the obligation incurred by the municipality for this lighting system, to be paid out of the revenue of future years within the statutory limitation.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1881, 1882; Dec. Dig. § 897.*]

3. MUNICIPAL CORPORATIONS (§ 321*)—CONTRACTS — IMPROVEMENTS PAYABLE OUT OF REVENUES OF FUTURE YEARS.

A contract made by a municipality for some public improvement, payable out of the revenues of future years, will not be interfered with by this court when the evidence shows that it is reasonable, and that the financial

condition of the municipality is such as to warrant the belief that the future revenues will be sufficient to pay for it without exceeding the limit of taxation.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 837–840; Dec. Dig. § 321.*]

4. ELECTRICITY (§ 1½*)—ESTABLISHMENT OF PLANT BY MUNICIPALITY—EFFECT OF PRIOR FRANCHISE.

The granting by a municipality of a franchise to operate a lighting system does not confer an exclusive privilege on the grantee, and does not prevent the municipality from subsequently erecting a system of its own.

[Ed. Note.—For other cases, see Electricity, Dec. Dig. § 1½.*]

Appeal from Twentieth Judicial District Court, Parish of Terrebonne; W. P. Martin, Judge.

Action by the Houma Lighting & Ice Manufacturing Company, Limited, and others against the Town of Houma and another. Judgment for defendants, and plaintiffs appeal. Affirmed.

H. M. Wallis, Jr., and Harris Gayne, for appellants. Butler & Bourg, for appellees.

BREAUX, C. J. Whether or not a municipality can enter into a contract and become the owner of and operate an electric light system under the present financial condition of the town of Houma is the main question presented for decision.

Plaintiffs are taxpayers, and have, in addition, an adverse interest as a lighting company, for which they claim a preference.

They have a standing in court to assert the different pleas which they present.

Plaintiffs aver that they are charged on their property eight mills on the dollar for the general fund, and five mills on the dollar for the special tax fund; that is, for the waterworks of the town.

Plaintiffs assail the ordinance adopted which authorizes the representatives of the town to enter into a contract with Emile Daigle, who proposes to furnish machinery and appurtenances for erecting a municipal electric light plant, to be operated in connection with the waterworks of the town.

The amount agreed upon to be paid by the town to this contractor, Daigle, is $14,737.92. $4,737.92 were paid cash to the contractor, from the general fund, and for the remaining $10,000 the mayor was authorized to transfer four certificates of indebtedness in accordance with Act No. 32 of the General Assembly of 1902, each certificate for $2,500, and the $10,000 to be paid in four equal annual installments, bearing interest and represented by these certificates, secured by vendor's privilege on the plant.

Plaintiffs contend that there will be an annual expense over the annual revenues.

Plaintiffs urge that the ordinance and the contract, therefore, are ultra vires.

As relates to the waterworks plant, in connection with which the proposed new plant is to operate, plaintiffs aver that the assessable value of property in 1909 will be about the same as it was in 1908.

Plaintiffs also complain of the town's action in entirely ignoring their electric light plant, which had received certain franchises from the town, which the town now proposes to take away from them, and also take away certain patronage to which they allege they are entitled under the ordinance before mentioned.

The defendant denied that plaintiffs had a cause of action.

The exception of no cause of action was overruled by the district court.

The plea of no cause of action will be considered as forming part of the case on the merits.

The defendant then answered and averred that the town had an excess in its revenues in 1908, and that the annual excess of revenues over expenses would be amply sufficient to pay the plant which they propose to install.

Defendant further pleads that plaintiffs

had no right to a franchise and no standing in court, and avers that plaintiffs' franchise is a monopoly obtained without consideration. That if the plaintiffs' right was at all valuable it was personal and not transferable.

That the plaintiff corporation held its right from Wilson and Jastremski, transferees.

### Discussion, Decision, and Decree.

The power of the town as relates to light:

It is not disputed that the town of Houma has adopted Act No. 136 of 1898 as its charter, as authorized by the terms of that general charter.

Section 13 of the act provides that a municipality which avails itself of its provisions shall have the authority to purchase property, real and personal, for all municipal purposes, especially including "electric light."

As defendant has the right to purchase as before mentioned, the unavoidable inference is that the municipality has the right to provide for lights. As it can buy the necessary property for constructing an electric light plant, this covers the authority to establish the plant.

It would otherwise, be a useless grant of power.

Moreover, even without an expressed power, there is no great difficulty in arriving at the conclusion that under the expressed power granted the corporation has the implied power to provide light.

The question of power of the municipality received careful attention and consideration in Water Works Company Case v. City of Lake Charles, 106 La. 69, 30 South. 289, citing the Conery Case, 41 La. Ann. 910, 7 South. 8, and the Gas Light Co. v. New Orleans, 42 La. Ann. 188, 7 South. 559.

Furthermore, in Cyc. 951 (G), it is mentioned as one of the implied powers of the municipality.

It surely never was the intention to prevent corporations from having necessary light.

Light is an essential. A lightless community would be gloomy and uninviting.

As to the expense for the light, the municipality is not to be restricted unless it is manifest that it has exceeded its powers in adopting an impossible plan for lighting its streets.

We cannot say that the municipality has exceeded its power in this instance.

### Repeal of Laws.

The question of repeal of acts is pressed upon our attention in order to convince us that special laws are not repealed by general laws, and, vice versa, and that under the asserted law, not repealed the municipality is without power to provide light as proposed.

We do not think that we have to deal at all with special laws in this instance. Act No. 136 of 1898 is, not a special law, but a general law, subject to repeal by another general law. It relates to the organization and maintenance of all corporations of the particular class mentioned. One general law can have the effect of repealing another general law.

The law here is neither special nor local. It relates to the whole state.

It was enacted to provide a general law upon the subject, one that would enable communities throughout the state to organize themselves into political subdivisions without special legislative sanction—a law that would enable municipal corporations already organized to avail themselves of its provisions.

The act cited supra, a general law, as before stated, is repealed, in so far as general law Act No. 17 of 1902 conflicts with it, authorizing the levy of licenses, provided they are applied to maintain sidewalks, light, waterways, or street railways.

From the foregoing it follows that the municipality has the power to levy licenses and to apply the proceeds to the maintenance of lights under Act No. 17 of 1902, and has also the power conferred by Act No. 32 of 1902, to a reasonable extent, of applying the excess of annual revenues of subsequent years, over current expenses, to paying for lights.

Municipalities also have the authority of issuing certificates as evidence of the work performed, payable out of those revenues, as provided in one of the sections of the act cited supra.

In answer to the proposition that it is the purpose of the municipality to pay for the lights from the revenues on licenses, it is sufficient to say that there can be no serious objection to this mode of providing light if that be the purpose, for it is provided by Act No. 17 of 1902, before referred to, that amounts collected from licenses may be applied to that purpose.

In regard to the general revenues of the town—another subject which has engaged our attention—we are of opinion that when a municipality finds that it is possible to pay all necessary expenses to maintain its administration, and at the same time realize some revenues during a limited number of years, not exceeding 10, as provided for in the statute, it is possible to contract on that basis for light in order to make the necessary improvement in that respect.

The improvement in contemplation is certainly needed in all cities and towns.

The local administration has every appearance of being good. That in itself is an item which may be considered to a limited extent.

The evidence upon that subject is satisfactory, and there is no reason to infer for a moment that the board of aldermen will fail to realize enough each year to meet the certificate of indebtedness.

Small towns as well as large cities must be careful to administer their finances with prudence and good judgment in order to avoid ruinous waste and spoliation.

We have found nothing in this case to give rise to the least apprehension of waste and spoliation.

If these be avoided, it is reasonable to conclude that the revenues of the town will pay the expense.

The next plea on the part of the defense is that the towns, as relates to light, will be emancipated from the necessity of observing the constitutional provisions regarding improvements by municipalities.

We have noted that authority is given to make certain improvements, payable out of the revenues of subsequent years.

There are revenues, which, under proper management, will be ample.

As the law-making power has not hedged in the power of the municipality as relates to light, there is good reason to conclude that it was intended, as to light, to give it some latitude and trust to proper administration, while in other respects it has left to the determination of popular vote of interested persons the increase of taxation for local improvements.

It has authorized a municipality, if, in the course of correct administration, it can manage to defray current expenses, to set aside a fund to put in necessary lights. See Murphy v. Police Jury of St. Mary, 118 La. 401, 42 So. 979.

If in doing this there was the least appearance that the contract exceeds the limitation placed upon a municipality of 10 mills on the dollar, then the necessity would arise of annulling this contract and the ordinance under which it was signed.

For illustration:

If defendant were to attempt to put up a $50,000 plant with its limited revenues, it would be unreasonable, improper, illegal.

Nothing of the kind here.

The board can finance the town and pay

the debt. They have already paid a goodly portion of the price.

To make a summary of the statute in conclusion:

Section 13 of Statute No. 136 of 1898 authorizes the purchase of property. Statute No. 17 of 1902 refers to electric light and revenues for installing and maintaining plant. Statute No. 32 of 1902, regarding the excess of revenues over current expenses and regarding the issuing of certificates as evidence of work.

We are of opinion, after having read these statutes, that the defendant had authority to pass the ordinance.

We will not go further in deciding.

The plaintiffs did not acquire an exclusive privilege. They had authority to erect an electric light plant—that is about all. They could not stand in the way of the town's wish to have another plant.

Plaintiffs may have the right to recover damages. If any they have, it is reserved.

The defense attacks the legality of plaintiffs' charter.

This will not be decided on this appeal.

For reasons stated, the judgment is affirmed.